The opinion of the Court was delivered by
Wabjdlaw, Ch.
A trust deed of July 10,1826, from Dr. John W. Schmidt to M. A. R. Dumont, is obscure and inartificial in its frame, and the interpretation of some of its provisions would be difficult, if we were unaided by the acts of the parties and of the Court, in execution of the instrument. If the construction of this deed were to be originally settled by us upon its own terms, we should hold that the grantor thereby parted conditionally or alternatively with his whole estate in the subjects of conveyance, and that no trust resulted to him in the *215 event which has happened, of all the three children of his former marriage, the objects of the conveyance, having attained the age of twenty-one years. The express gift to the trustee of the whole legal estate, and the reservation to the grantor of the use to himself for life only, and of reverter to him of the legal estate only in case 'all of the children died under the age of twenty-one years without issue — attended by provisions for a division of the estate among survivors or survivor of these children, issue of any of them representing a deceased parent, in case one or two of them died infants; and for like division among the persons who should be entitled to the respective shares of the estate, when the youngest child should attain twenty-one years — these circumstances raise by necessary implication a limitation to the three children in case all of them should attain full age.
The grantor, by this deed, conveys his own estate in trust for his three children, in full satisfaction of all claims or demands on their part against him on account of their mother’s estate, with a proviso, that if any of them should call him or his representatives to account for the property received by him from the -mother, the share of such child should be forfeited and revert to him. It is plain that this deed proposes an alternative to the beneficial donees who were incapable at the time by infancy from exerting their option. The plaintiff insists that the deed was defeasible only as to the shares of such of the children as should call the grantor to account for the rents and profits of their estate. It is more probable, however, that the grantor, in addition to this, intended to provide for his exemption from account for such portions of the estate of the children as he may have wasted or converted. He seeks to protect himself from “ an account for the property,” and not merely of the rents and profits. Granting the plaintiff’s interpretaion, the deed might be denominated not improperly a security, for it pledges certain estate of the grantor, in compensation of the claims of the children, on the contingency that *216 an accounting be waived. It is in effect a conditional conveyance in fee, in trust for tbe'payment of certain debts. If this view be taken, a reconveyance to the testator after the republication of his will, would not be the new acquisition of an estate, so as to be incapable of passing by adequate words in his previous will. After a conveyance for a mere particular purpose, as for the payment of debts, or the creation of a charge, the grantor, in contemplation of equity, remains seized of his original estate, and his equitable interest will pass by his will. If such conveyance be made by a testator before the execution of his will, and the charge be removed by a recon-veyance after his will, the whole estate will pass by general terms of devise, although it may be sometimes necessary to consider the heir of testator trustee of the devisee; but this cannot be often necessary with us, as our Act makes the mortgagor owner of the legal estate. If such conveyance be made by a testator after his will, it is no revocation in equity; and even in England, where the mortgagee is legal owner, if a testator, after his will, makes a mortgage, and subsequently obtains reconveyance, his devise will operate on his equitable interest,.and the reconveyance will be treated as no essential modification of his original seisin in equity, and the heir will be converted into a trustee for the devisee. Livingston vs. Livingston, 3 Johns. Ch. 155; Harwood vs. Oglander, 6 Ves. 219. Sir William Grant, M. R., says in Rose vs. Cunningham, 11 Ves. 454, “ it has been long decided (Doe vs. Pott, Doug. 684; Watts vs. Fullarton, Doug. 691,) that where a written agreement for the purchase of an estate has been executed, the purchaser has the estate in equity; and as he has it in equity, it will pass by his will; which will not be revoked by the subsequent conveyance of the legal estate.” An equitable interest, while the legal estate is inchoate, is not different in principle from an equitable interest subsisting after a conveyance for a particular charge.
Suppose, however, we concede to the fullest extent the plain *217 tiff’s views of the construction of the deed of 1826, as an original subject of adjudication, that by the deed Dr. Schmidt parted with the whole fee, and exhausted the uses, and that there is no evidence of repudiation, by the donees beneficially entitled, of the condition of the deed — (and, for myself, I am not satisfied that the beneficial donees did repudiate, the conditions of gift before the republication of the will;) — the plaintiff still encounters the insuperable obstacle of res judicata. The decree of February 7, 1848, in a cause instituted by the father of plaintiff, under whom he claims, against the children of the father by the former marriage, explicitly adjudges as properly interpreted by the pleadings, that the deed of 1826 was intended as a security to protect the interests of these children in the estate derived from their mother and other maternal relatives; that the children had called for and received from their father a satisfactory account and payment of their claims in right of the mother and maternal relatives; that the trusts of the deed in favor of the children had been discharged and satisfied; and that the father was reinstated in his original estate in the subjects of conveyance. This decree was in strict pursuance of the allegations by the bill, and the admissions of the answers. The direct issue in the cause was whether tlfe deed was a security — a particular charge upon the legal estate, which had been satisfied; and the decree, in strict conformity to the pleadings and' evidence, sustained the affirmative of the question. It would be a torture of the decree, to'allow the plaintiff’s view, that it was a mere arrangement by consent, that the legal estate, previously parted with, should be reinvested in the grantor of the deed. The pleadings and evidence on which the decree was based, presented the single issue, whether the original owner by his deed had ousted himself of his original estate in fee, by the particular charge upon it; and it was adjudged that he had not so ousted himself.
The judgment of a Court of competent jurisdiction directly upon an issue, is conclusive as to the parties and privies in the *218 same Court, and in all Courts of concurrent jurisdiction. It is not necessary to the conclusiveness of such judgment, that it should be on the only point in the cause, although it must comprehend some material and traversable allegation directly and not collaterally in issue, and essential to the decision. Here the decision was on the single issue made by the pleadings and proofs. Managault vs. Deis, Bail. Eq. 293; 2 Smith L. C. 442.
That the present plaintiff, claiming through his father, is bound by an estoppel on his ancestor, is, too plain for illustration. Judgment for or against an ancestor binds his heirs. Locke vs. Norbourne, 3 Mad. 141; Outram vs. Morewood, 3 East, 353.
It is ordered and decreed that the decree be affirmed, and the appeal dismissed.
Johnston, I)unkin, and Dargan, CO., concurred.

Decree affirmed.